**Mary F. WARR and Carrie L. Solomon, on their own behalf and on behalf of all other similarly situated individuals, Plaintiffs,**

**v.**

**J. Michael HORSLEY, Commissioner of the Alabama Medicaid Agency, State of Alabama, Defendant.**

**Civ. A. No. 87–D–1012–N.**

United States District Court, M.D. Alabama, N.D.

Feb. 8, 1989.

Robert D. Segall, E. Terry Brown, Copeland, Franco, Screws & Fill, P.A., Montgomery, Ala., for plaintiffs.

Don Siegelman, U.S. Atty. Gen., Henry C. Barnett, Jr., Herman H. Hamilton, Jr., Sp. Asst. Attys. Gen., Montgomery, Ala., for defendant.

### MEMORANDUM OPINION

DUBINA, District Judge.

This cause is before the court on cross-motions for summary judgment. The issue before the court is whether Title XIX of the Social Security Act of 1965, as amended, and the regulations promulgated thereunder require the Alabama Medicaid program to cover services provided by podiatrists where those services are covered when provided by physicians.

The plaintiffs maintain that, pursuant to 42 U.S.C.A. § 1396a(a)(23), sometimes referred to as the "freedom of choice provision," they are entitled to reimbursement for treatment by podiatrists to the same extent as they would be reimbursed for such treatment were it rendered by a medical doctor.

The defendant contends that under 42 U.S.C.A. §§ 1396a(a)(10)(A) and 1396d(a)(1–5, 17), the state is only required to provide inpatient hospital services, outpatient hospital services, other laboratory and X-ray services, skilled nursing facility services, physicians' services furnished by a physician, and services furnished by a nurse-midwife. The defendant asserts that, pursuant to 42 U.S.C.A. § 1396d(a)(6), the state *may*, but is not required to, pay for medical or remedial care furnished by licensed practitioners such as podiatrists. According to the defendant, the freedom of choice provision of 42 U.S.C.A. § 1396a(a)(23) provides only that a Medicaid recipient has the right to choose among *covered* providers of covered services and that, as podiatrists are not covered under the Alabama Medicaid program, Medicaid recipients do not have the freedom of choice to choose a podiatrist instead of a medical doctor.

## I. STATEMENT OF THE CASE

There are two named plaintiffs in this cause, suing on behalf of all those in the state of Alabama similarly situated: Mary F. Warr ("Warr") and Carrie L. Solomon ("Solomon").

According to Warr's affidavit, she is now fifty-four years old and has had problems with her feet since the age of sixteen. Between November 14, 1983 and October 10, 1986, she underwent five different foot operations performed by a podiatrist in Tallassee, Alabama. Warr avers that Medicare and Medicaid paid for her last two surgeries and that she could not have afforded those operations had they not been covered by Medicare and Medicaid. Warr has also been treated by a number of other podiatrists in Montgomery, Alabama. On occasion, these podiatrists referred her to orthopedic surgeons not specializing in foot-related problems. In Warr's opinion, the medical treatment that she has received from podiatrists has been far more beneficial to her than that received from medical doctors. She states that the podiatric treatment she received significantly reduced the pain, discomfort and ambulatory restriction she had previously suffered as a result of her foot problems. From 1983 until November 1986, Medicaid paid for all medication that Warr was prescribed by her podiatrist. In November 1986, however, she received a letter from Medicaid informing her that Medicaid would no longer pay for any podiatrist-prescribed medications. Warr is presently receiving a combined S.S.I. and Social Security income of $365.00 a month and has no other income. Her medical bills for treating conditions related directly or indirectly to her feet are approximately $45.00 per month. Warr asserts that the medical treatment and medicines she receives are vital to her good health and that she needs Medicaid's assistance in paying for this treatment.

Plaintiff Solomon has also submitted an affidavit, wherein she states that she is fifty-eight years old and began having foot problems in 1984, probably as a side effect of her diabetes. She first visited a medical doctor, who referred her to a podiatrist. Solomon states that she received excellent treatment from the podiatrist and that all her foot problems ceased. Subsequently, she developed injuries and problems in both feet, for which she was again treated by her podiatrist. In 1986, she injured her right foot and again underwent podiatric treatment. During a visit to her podiatrist's office, however, she noticed a sign stating that Medicaid would no longer pay for his services. Solomon has since been unable to receive podiatric treatment because she cannot afford to pay for the services without the assistance of Medicaid or Medicare. She has visited a medical doctor but is of the opinion that she does not receive the same quality of treatment from him as she did from her podiatrist.

The plaintiffs also submitted the affidavit of Allen Stern, a licensed doctor of

podiatric medicine in the State of Alabama. Dr. Stern states that he is licensed to practice podiatry, defined in Ala.Code 1975, § 34–24–230, as the diagnosis and medical, surgical, mechanical, manipulative or electrical treatment of any ailment of the human foot, except amputation or administration of other than a local anesthetic. Dr. Stern avers that he is not presently entitled to payment by Medicaid for treatment of patients, and that medical doctors are being paid by Medicaid to perform podiatric services while podiatrists such as himself are not being paid for the same services.

## II. DISCUSSION

### A. *The Defendant's Premise: The State's Discretion*

The defendant maintains that the federal Medicaid program does not require the State of Alabama to reimburse podiatrists for their services.

In *Sandefur v. Cherry*, the court described the Medicaid program as one based upon "cooperative federalism." 718 F.2d 682, 685 (5th Cir.1983). As was summarized in *District of Columbia Podiatry Soc'y v. District of Columbia:*

> It is a grant-in-aid project providing matching federal monies to participating states. The funds are channeled through an appropriate state agency to providers of medical services. Participation by a state is voluntary, but in order to receive federal funds, the state's program must meet certain requirements.

407 F.Supp. 1259, 1262 (D.D.C.1975).

██ States may design their own Medicaid programs and are given broad discretion in structuring those programs to meet their particular needs and best allocate financial resources according to local conditions. *See Beal v. Doe*, 432 U.S. 438, 440–44, 97 S.Ct. 2366, 2368–70, 53 L.Ed.2d 464 (1977). Although states have a great deal of flexibility in formulating their plans, federal statutes and regulations do require that every state plan include certain "mandatory services," enumerated in 42 U.S.C.A. §§ 1396a(a)(10)(A) and 1396d(a)(1–5, 17) and defined in 42 C.F.R.

§§ 440.10, .20, .30, .40, .50 and .165. Mandatory services consist of inpatient hospital services, outpatient hospital services, other laboratory and X-ray services, skilled nursing facility services, physician services furnished by a physician, and nurse-midwife services. The statutes also enumerate optional health services, which may be included in a state plan if the state so desires.

The defendant contends that podiatrists are outside the scope of mandatory services because the only category they could possibly be covered by is "physicians' services furnished by a physician," and "physicians' services" are defined under 42 C.F.R. § 440.50 as those "by or under the personal supervision of an individual licensed under state law to practice medicine or osteopathy." Under Alabama law, podiatrists are not licensed as doctors of medicine or osteopathy. Rather, they are classified separately from physicians as "other practitioners of healing arts" under Alabama's statutory scheme, and thus are licensed and regulated separately, by their own Board of Podiatry, under Ala.Code 1975, § 34–24–230, *et seq.* The defendant argues that this distinction in licensing under Alabama law excludes podiatrists' services from the federal definition of "physicians' services." Consequently, he maintains, the treatment they provide is not included within the mandatory services for which a state Medicaid plan is required to provide reimbursement, but, rather, falls under the category of optional services, which states are not required to include in their plans.

### B. *The Plaintiffs' Premise: Freedom of Choice*

The plaintiffs' argument rests on 42 U.S.C.A. § 1396a(a)(23), the "freedom of choice" provision. It provides, in pertinent part:

> A state plan for medical services must ... provide that (A) any individual eligible for medical assistance (including drugs) may obtain such assistance from any institution, agency, community pharmacy, or person, *qualified to perform the service or services* required ..., who

undertakes to provide him such services. . . .

(Emphasis added.) The determination of who is "qualified to perform the service or services" is made "by the State licensing authority, together with the State legislature." *Silver v. Baggiano*, Civ. A. No. 84–V–1375–N (M.D.Ala. April 18, 1985), *vacated on other grounds and remanded*, 804 F.2d 1211 (11th Cir.1986).[1]

It is undisputed that the State of Alabama accepts podiatrists as "qualified" to offer the type of treatment given the plaintiffs in this lawsuit. *See* Ala.Code 1975, § 34–24–230 (expressly authorizing podiatrists to fully treat the human foot, medically, surgically, or otherwise); *Wood v. Graddick*, Circuit Court of Montgomery County, Alabama, Civ. A. No. CV–80–1174–G, *appeal dismissed*, Sup.Ct. of Ala. (February 18, 1982) (with respect to the foot, a podiatrist's education and clinical training is more complete than that of any other health care provider; statutory restriction of podiatric treatment of the foot is therefore unconstitutional); *State Licensing Bd. for the Healing Arts v. Alabama State Bd. of Podiatry*, 287 Ala. 132, 249 So.2d 611 (1971) (podiatrists may prescribe and administer drugs in connection with treatment of the foot).

The plaintiffs contend that since, under Alabama law, podiatrists are as qualified as medical doctors and osteopaths to treat the human foot, they also meet the criteria set forth in the freedom of choice provision of being "qualified to perform a service" for a Medicaid recipient. This being the case, the plaintiffs argue, Alabama's policy of denying Medicaid reimbursement to podiatrists violates the freedom of choice statute and defeats the underlying goal of Medicaid of bringing the poor into the mainstream of American medical services.

## III. CONCLUSION

The court is troubled by the apparent contradiction in the statutes cited by the parties. The defendant bases his argument on 42 U.S.C.A. §§ 1396a(a)(10)(A) and 1396d(a)(1–5, 17), clearly enumerating only six mandatory categories of care, while the plaintiffs rely on 42 U.S.C.A. 1396a(a)(23), which entitles "any individual eligible for medical assistance [to] obtain such assistance from *any* ... person qualified to perform the service or services required." (Emphasis added.)

One court has reconciled these provisions by holding that, under the freedom of choice clause, "qualified" means not "eligible to render medical treatment," as the plaintiffs herein contend, but, rather, "included among Medicaid's mandatory services." As the district court in *District of Columbia Podiatry Soc'y v. District of Columbia* concluded:

> Considering the wide latitude given the states in devising their own Medicaid plans, this phrase can only mean that a provider is "qualified" if the service is one compensable under the State Plan.

407 F.Supp. 1259, 1266 n. 32 (D.D.C.1975).

This court agrees with the *Silver v. Baggiano* district court's assessment of this reconciliation: "With due respect to our fellow Court, it appears that the construction placed on the freedom of choice provision in the *D.C. Podiatry* decision is strained." Civ. A. No. 84–V–1375–N (M.D. Ala. April 18, 1985), *vacated on other grounds and remanded*, 804 F.2d 1211 (11th Cir.1986). However, while the court is not entirely satisfied with the D.C. court's conclusions, it is unable to arrive at a better reconciliation of these apparently conflicting statutes.

The court therefore limits itself to holding that, regardless of whether the two clauses *can* be reconciled, in light of

---

1. The action pending before this court is related to and, the plaintiffs contend, governed by the decision in *Silver*. There, a podiatrist brought an action, on behalf of himself and all other podiatrists licensed within Alabama, alleging that the State of Alabama's policy of denying Medicaid reimbursement to licensed podiatrists, while at the same time reimbursing medical doctors and osteopaths for the same podiatric services, violated state and federal law.

On appeal, however, in anticipation of the instant lawsuit the Eleventh Circuit declined to resolve the issue of whether the plaintiffs in *Silver* even had standing to sue; accordingly, this court chooses not to base its decision on the district court's findings in the *Silver* case.

Medicaid's history and its clear public policy of granting states the maximum possible amount of discretion in administering their respective programs, *see District of Columbia Podiatry Soc'y*, 407 F.Supp. at 1263–1266, it does not appear that the intent of the freedom of choice provision is to require states to provide coverage for services not included in the mandatory services enumerated in 42 U.S.C.A. §§ 1396a(a)(10) and 1396d(a)(1–5, 17). Consequently, since Alabama law does not include podiatrists within the definition of "physicians' services" as required by 42 C.F.R. § 440.50, it appears that, for purposes of Medicaid, podiatric treatment in Alabama is not a mandatory service.

The plaintiffs in this action have presented a strong equitable case for mandatory reimbursement for podiatric treatment. Not only are podiatrists apparently the only health providers who have effectively treated the plaintiffs' foot problems, but it also appears that the state would not incur any greater costs were it to reimburse podiatrists instead of physicians for foot treatment which both are qualified to provide. Ideally, the plaintiffs would be able to continue receiving treatment from podiatrists. This court concludes, however, that the construction of the relevant statutes and regulations simply does not yield such a result.[2]

A strict statutory construction of the freedom of choice provision of 42 U.S.C.A. § 1396a(a)(23) excludes podiatrists from its terms. Regardless of their high level of expertise with respect to the human foot, podiatrists, for the purposes of the Social Security Act and its regulations, are not entitled to receive reimbursement under Medicaid for their services unless the state chooses to include podiatric care in its plan as an optional service. Thus far, the state of Alabama has not chosen to include podiatric care in its plan.

A separate order will be entered in accordance with this Memorandum Opinion.

**2.** The court notes, however, that the plaintiffs may be entitled to relief under *state* law. As was argued in *Silver v. Baggiano*, 84–V–1375–N (M.D.Ala.1985), *vacated on other grounds and remanded*, 804 F.2d 1211 (11th Cir.1986), Ala. Code 1975, § 27–1–15, may well require that

## ORDER

In accordance with the Memorandum Opinion filed contemporaneously herewith, it is the

ORDER, JUDGMENT and DECREE of this court:

1. That the defendants' motion for summary judgment be and it is hereby GRANTED;

2. That podiatrists, for the purposes of the Social Security Act and its regulations, are not entitled to receive reimbursement under Medicaid for their services unless the state chooses to include podiatric care in its plan as an optional service;

3. That the plaintiffs' motion for summary judgment be and it is hereby DENIED as moot;

4. That costs be and they are hereby taxed against the plaintiffs, for which execution may issue.

where Medicaid authorizes payment for services which a podiatrist is licensed to provide in the state of Alabama, it cannot exclude podiatrists from the class of providers who will be reimbursed for performing such services.